UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Joseph J. Rogers, Esquire (JJR1185)
Washington Professional Campus
900 Route 168, Suite I-4
Turnersville, NJ 08012
(856) 228-7964; Fax (856) 228-7965

Order Filed on September 11, 2018 by Clerk U.S. Bankruptcy Court District of New Jersey

In Re:

Ray A. Polhill

Case No.: 17-30082 JNP

Hearing Date: 

Chapter: 13

Judge: Jerrold Poslusny

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

Recommended Local Form:    ☐ Followed    ☒ Modified

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: September 11, 2018**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____453 Westminister Road, Wenonah, NJ 08090_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

> Name of professional:   Monica Francesco, Keller Williams Realty
>
> Amount to be paid:     6% of sales price
>
> Services rendered:     Assist with sale and marketing of property.

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $___23,675.00___ claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

```
The debtor shall amend Schedule J and modify plan within 20 days of closing.
The 14-day stay provision of Fed. R. Bankr. P. 6004(h) is hereby waived.

 Subject to short sale approval by the mortgagee.
```

*rev.8/1/15*

3

United States Bankruptcy Court
District of New Jersey

In re:  
Ray A. Polhill  
    Debtor

Case No. 17-30082-JNP  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-1    User: admin    Page 1 of 1    Date Rcvd: Sep 11, 2018  
                Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 13, 2018.  
db        #+Ray A. Polhill,    453 Westminister Road,    Wenonah, NJ 08090-1345

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

            ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 13, 2018           Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 11, 2018 at the address(es) listed below:  
       Denise E. Carlon    on behalf of Creditor    MIDFIRST BANK dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com  
       Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com  
       Joseph J. Rogers    on behalf of Debtor Ray A. Polhill jjresq@comcast.net, jjresq1@comcast.net  
       Keri P. Ebeck    on behalf of Creditor    Consumer Portfolio Services, Inc. kebeck@bernsteinlaw.com, jbluemle@bernsteinlaw.com  
       Rebecca Ann Solarz    on behalf of Creditor    MIDFIRST BANK rsolarz@kmllawgroup.com  
       U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov  
     TOTAL: 6